JOHN W. HUBER, United States Attorney (#7226)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAHEED YUSUF and<br>VANISHA WRIGHT MATTHIS<br><br>Defendants. | INDICTMENT<br><br>VIO COUNT I: 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud),<br>COUNTS II-III: 18 U.S.C. § 1343 (Wire Fraud),<br>COUNT IV: 18 U.S.C. § 1028A (Aggravated Identity Theft),<br>COUNT V: 18 U.S.C. § 1956(h) (Money Laundering Conspiracy) |

Case: 2:18-cr-00281 RJS
Assigned To : Shelby, Robert J.
Assign. Date : 6/6/2018
Description: USA v. Yusuf et al

The Grand Jury Charges:

At all times relevant to this Indictment:

1.     Defendants SAHEED YUSUF, VANISHA WRIGHT MATTHIS and others known and unknown to the Grand Jury participated in a scheme to commit offenses against the United States, including conspiracy to commit bank fraud by opening bank accounts under false identities in order to receive criminal proceeds. Specifically, those proceeds were the result of an email scam wherein Defendants SAHEED YUSUF and VANISHA WRIGHT MATTHIS and others known and unknown to the Grand Jury create emails to impersonate the officers of businesses and direct employees to wire money into the fraudulently opened accounts. Upon receipt of the fraudulently obtained

moneys, Defendants SAHEED YUSUF and VANISHA WRIGHT MATTHIS and others known and unknown to the Grand Jury engaged in further monetary transactions with those funds in amounts greater than $10,000, and did so for the purpose of concealing and disguising the ownership and control of the fraudulently obtained money.

## THE CONSPIRACY AND ITS OBJECTS

2. From on or about a date unknown to the Grand Jury, but no later than June 9, 2016, and continuing thereafter to a date unknown to the Grand Jury, but no earlier than August 8, 2016,

SAHEED YUSUF and VANISHA WRIGHT MATTHIS

knowingly and willfully conspired with other persons both known and unknown to the Grand Jury, to commit offenses against the United States, including by knowingly executing a scheme to obtain moneys and funds under the custody of a financial institution that is insured by the Federal Deposit Insurance Company by false and fraudulent pretenses and representations in violation of 18 U.S.C. § 1344.

## MANNER AND MEANS OF THE CONSPIRACY

3. It was part of the conspiracy that

SAHEED YUSUF and VANISHA WRIGHT MATTHIS

Defendants herein and their coconspirators would by deceit, craft, trickery, and dishonest means, obtain moneys and funds under the custody of a financial institution insured by the Federal Deposit Insurance Company; and, in furtherance of such conspiracy that

(i) the Defendants herein and their coconspirators would open bank accounts under false names and pretenses to disguise the identities of the people controlling those accounts and the funds therein,

(ii) they and their coconspirators would use false pretenses including "spoofing" the officers of United States businesses by using email addresses such as "CEOEMAILSS@GMAIL.COM" and the officers' names to send interstate wire communications designed to cause the companies to wire money to the accounts set up by the Defendants herein, and

(iii) they and their coconspirators would then cause a series of withdrawals and transfers from the recipient account in order to gain control of the funds while concealing the ultimate destination of those funds.

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Utah and elsewhere:

   a. On or about June 9, 2016, Defendant SAHEED YUSUF provided VANISHA WRIGHT MATTHIS a false identification document with her picture and a name whose initials are A.S. for her to use to open bank accounts at a financial institution in the State of Georgia.

   b. On or about that same date, Defendant SAHEED YUSUF drove VANISHA WRIGHT MATTHIS to a bank and instructed her to open accounts using the false identification he provided to her.

c. On or about that same date, Defendant VANISHA WRIGHT MATTHIS and Defendant SAHEED YUSUF opened at least two bank accounts at a financial institution insured by the Federal Deposit Insurance Corporation under the name of a business called Allied Logistics Group Inc. falsely using the name with initials A.S. and the false identification document, under the false pretense that Allied Logistics Group Inc. was a legitimate business and not merely a shell company used to commit fraud.

d. Thereafter, during the month of July, 2016, Defendants SAHEED YUSUF and VANISHA WRIGHT MATHIS and their coconspirators sent dozens of emails to businesses in the United States and the United Kingdom, using the names of business executives without their knowledge or authorization. The apparent purpose of these emails was to engage with employees of these businesses and fraudulently give them wire instructions to wire the company's funds.

e. On or about July 11, 2016, Defendants SAHEED YUSUF and VANISHA WRIGHT MATTHIS and their coconspirators sent a series of email communications to a business in the District of Utah, purporting to be a Corporate Officer whose initials are "B.B" and using his name with the email address "CEOEMAILSS@GMAIL.COM." At about 9:06 a.m., Defendants SAHEED YUSUF and VANISHA WRIGHT MATTHIS and their coconspirators sent an email communication falsely and without authorization using the name of a real person with initials "B.B." who was

    an officer of that business. The email communication included wire instructions for one of the Allied Logistics Group Inc. bank accounts, and directed an employee of the victim business to send $58,500 from the business's Utah account to the Defendants' Allied Logistics Group, Inc. account.

f. At about 4:50 pm on July 11, 2016, the wire of $58,500 was completed as requested by Defendants SAHEED YUSUF and VANISHA WRIGHT MATTHIS and their coconspirators, and was received by the bank account they had created for that purpose.

g. Later that day, Defendants SAHEED YUSUF and VANISHA WRIGHT MATTHIS and their coconspirators transferred approximately $27,800 from the Allied Logistics Group, Inc. account that fraudulently received the wire to another bank account under the name Allied Logistics Group Inc. that was also controlled by Defendants and their coconspirators.

h. On the following day, July 12, 2016, Defendant VANISHA WRIGHT MATTHIS, while presenting identification documents falsely identifying her as an individual with initials A.S., went in to a bank branch and withdrew $7,400 in cash plus $21,549.80 in a single counter transaction with two cashier's checks made out to and deposited to accounts for other fictional entities controlled by Defendants VANISHA WRIGHT MATHIS and SAHEED YUSUF and others known and unknown to the Grand Jury.

4.   After the successful completion of the fraud against the Utah business, the bank accounts created for Allied Logistics Group Inc. were closed on August 8, 2016. During the period the bank accounts were open, the only substantial transactions in the account related to the fraudulently obtained wires and efforts to redirect those funds once received.

## THE SCHEME

5.   From on or about June 6, 2016, in the Central Division of the District of Utah,

### SAHEED YUSUF and VANISHA WRIGHT MATTHIS

Defendants herein and their coconspirators, devised and intended to devise a scheme to defraud a company in the District of Utah whose business name initials are B.R., and to obtain money and property by means of materially false and fraudulent pretsense representations and promises.

## MANNER AND MEANS OF THE SCHEME

6.   It was part of the scheme that, Defendants and their coconspirators would send interstate wire communications to employees of B.R. under false pretenses. Specifically, Defendants would pretend to be an officer of B.R. and direct a money wire to a bank account controlled by Defendants and their coconspirators under the false pretense that it was partial payment for a purchase of a business.

## COUNT I
18 U.S.C. § 1349
Conspiracy to Commit Bank Fraud

7. Paragraphs 1 through 6 herein are repeated and realleged as though fully set forth herein.

8. On or about a date unknown to the Grand Jury but in no event any later than June 9, 2016, in the Northern District of Georgia and elsewhere,

SAHEED YUSUF and VANISHA WRIGHT MATHIS,

defendants herein, did enter a conspiracy to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owner by and under the custody and control of, a financial institution insured by the Federal Deposit Insurance Corporation, by means of false or fraudulent pretenses, representations, or promises, in violation of 18 U.S.C. § 1344, and they and their coconspirators did, on or about July 11, 2015, take overt acts in furtherance of the conspiracy in the District of Utah and elsewhere; all in violation of 18 U.S.C. § 1349.

## COUNTS II to III
18 U.S.C. § 1343
Wire Fraud

9. Paragraphs 1 through 6 herein are repeated and realleged as though fully set forth herein.

10. On or about July 11, 2016, in the District of Utah and elsewhere,

SAHEED YUSUF and VANISHA WRIGHT MATHIS,

7

defendants herein and others known or unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing said scheme and aiding and abetting others in so doing, caused to be transmitted by means of wire communication in interstate commerce the writings, signals, and sounds described below for each count, each transmission constituting a separate count, all in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2:

| COUNT | DATE | INTERSTATE WIRE |
|---|---|---|
| II | July 11, 2016 at approximately 10:06 A.M. | Email to M.A. containing wire instructions |
| III | July 11, 2016 at approximately 10:35 A.M. | Email to M.A. containing explanation of wire |

### COUNT IV
18 U.S.C. § 1028A
Aggravated Identity Theft

11.   Paragraphs 1 through 6 herein are repeated and realleged as though fully set forth herein.

12.   On or about July 11, 2016, in the Northern District of Georgia

SAHEED YUSUF and VANISHA WRIGHT MATHIS,

defendants herein and their coconspirators, knowingly used, without lawful authority, a means of identification of another person whose initials are B.B. during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit a violation of 18 U.S.C.

§ 1343, knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. § 1028A(a)(1).

### COUNT V
18 U.S.C. § 1956(h)
Money Laundering Conspiracy

13. Paragraphs 1 through 6 herein are repeated and realleged as though fully set forth herein.

14. Beginning on a date no later than in or about June 2016 and continuing through August 2016, in the State and District of Utah and elsewhere,

SAHEED YUSUF and VANISHA WRIGHT MATHIS,

defendants herein, with others known and unknown to the Grand Jury, knowingly combined, conspired and agreed among themselves to commit offenses against the United States:

a) knowingly conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Bank Fraud in violation of 18 U.S.C. § 1344, and wire fraud in violation of 18 U.S.C § 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions

represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b) knowingly engaging and attempting to engage in monetary transactions by, through, or to a financial institution affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, to wit, Bank Fraud, in violation of 18 U.S.C. § 1344 and Wire Fraud, in violation of 18 U.S.C. § 1343;

all in violation of 18 U.S.C. §1956(h).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense in violation of 18 U.S.C. §§ 1349 and/or 1343 and/or 1344, as set forth in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to, the following:

- A money judgment equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the scheme to defraud.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h), the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to the following:

- A money judgment equal to the value of all property involved in the money laundering.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. 982(b), and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CARL D. LESUEUR
Assistant United States Attorney